Opinion issued October 18, 2007

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00137-CR






GERRONE ANTHONY ROBERTS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 989275






MEMORANDUM OPINION

 Appellant, Gerrone Anthony Roberts, appeals from a conviction for indecency
with a child. Appellant pleaded not guilty to a charge of aggravated sexual assault
of a child under 14 years of age. The jury found appellant guilty of the lesser
included offense of indecency with a child and assessed punishment at 12 years in
prison.

 Appellant's counsel on appeal has submitted a brief stating his professional
opinion that the appeal is without merit and that there are no arguable grounds for
reversal on appeal. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967). Appellant filed a pro se response brief. In his sole issue, appellant contends
that he received ineffective assistance of counsel due to appointed trial counsel's
failure to introduce additional witnesses and certain documentary evidence at his trial. 
Appellant asserts that trial counsel should have called appellant's current wife and
other unidentified witnesses, and produced documentary evidence to establish where
he was living and his work record. We affirm appellant's conviction.

Background

 The union of appellant and complainant's mother produced a daughter in
March 2001. Complainant was 10 years old at the time. After appellant and
complainant's mother broke up, appellant continued to watch complainant and his
siblings, while complainant's mother went to school. The children considered
appellant their father, although only the youngest daughter was appellant's biological
child. 

 Beginning when complainant was 11 years old, appellant placed his male
sexual organ in complainant's anus twice a week for over a year. Complainant's
efforts to refuse the assaults were met by punishment by appellant, who took away
complainant's video games or new clothes. The last assault occurred on March 23,
2004, when complainant's mother entered a room in her residence, where she
observed appellant on top of complainant with complainant's pants down. 
Complainant's mother immediately contacted the police department, but by the time
police officers arrived at the residence, appellant had left. A medical examination of
complainant revealed no signs of sexual assault, which the doctor explained neither
confirmed nor ruled out sexual assault.

 Appellant later gave a statement to a police officer. In the statement, appellant
admitted being at complainant's residence on March 23, but he denied committing
any of the sexual assaults, stating that he only put his arm around complainant to
comfort him because he seemed sad. According to appellant, complainant's mother
walked into the room screaming, threatening to claim that appellant sexually molested
complainant if appellant did not leave their daughter with her. Appellant denied that
there were any custody disputes prior to March 23 and claimed complainant's mother
fabricated the story due to appellant's recent marriage to another woman. 

 At trial, the State put on several witnesses including complainant, his mother,
his aunt, his private counselor, the doctor who examined him the day after the police
were called to the residence, the investigating officer, and the person who interviewed
him at the Children's Assessment Center. For the defense, appellant and his mother
testified. One of the central disputes at trial was whether and for how long appellant
had resided with complainant. Anders Procedure

 The brief submitted by appellant's court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and,
therefore, that any appeal would lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel's brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). Appellant's counsel sent a copy of the brief to appellant, requested permission
to withdraw from the case, and notified appellant of his right to review the record and
file a pro se response. The State waived its opportunity to file an appellee's brief to
reply to the arguments presented in appellant's pro se response.

 When this Court receives an Anders brief from a defendant's court-appointed
attorney who asserts that no arguable grounds for appeal exist, we must determine
that issue independently by conducting our own review of the entire record. Anders,
386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court--and not
counsel--determines, after full examination of proceedings, whether case is "wholly
frivolous"); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting
same passage from Anders). In conducting our review, we consider any pro se
response that the defendant files to his appointed counsel's Anders brief. See Bledsoe
v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005). 

 Our role in this Anders appeal, which includes a pro se response by appellant,
is limited to determining whether arguable grounds for appeal exist. Id. at 827. If we
determine that arguable grounds for appeal exist, we must abate the appeal and
remand the case to the trial court to allow the court-appointed attorney to withdraw. 
See id. The trial court must then either appoint another attorney to present all
arguable grounds for appeal or, if appellant wishes, allow appellant to proceed pro se. 
See id. We do not rule on the ultimate merits of the issues raised by appellant in his
pro se response. Id. If we determine that there are arguable grounds for appeal,
appellant is entitled to have new counsel address the merits of the issues raised. Id. 
"Only after the issues have been briefed by new counsel may [we] address the merits
of the issues raised." Id. 

 If, on the other hand, we determine from our independent review of the entire
record that the appeal is wholly frivolous, we may affirm the trial court's judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826-28. The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827 & n.6. 

 In accordance with Anders, 386 U.S. at 744-45, 87 S. Ct. at 1400, and Bledsoe,
178 S.W.3d at 826-28, we have reviewed the record, appellant's appointed counsel's
Anders brief, and appellant's pro se response to that brief and conclude that no
reversible error exists. 

Conclusion


 We affirm the judgment of the trial court and grant appointed counsel's motion
to withdraw. (1) 



 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).
1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Court of Criminal
Appeals. Tex. R. App. P. 48.4; see also Bledsoe v. State, 178 S.W.3d 824, 827 & n.6
(Tex. Crim. App. 2005); Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997); Stephens v. State, 35 S.W.3d 770, 771-72 (Tex. App.--Houston [1st Dist.]
2000, no pet.).